JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HILDA STREICHER

**(b)** County of Residence of First Listed Plaintiff   El Paso County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RUHMANN LAW FIRM (John L Anderson & Charles J Ruhmann, IV)
5915 Silver Springs, Bld. 1
El Paso, Tx 79912  (915)845-4529

## DEFENDANTS
FEDERATED MUTUAL INSURANCE COMPANY

County of Residence of First Listed Defendant   Steele County, MN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1)
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE  9/20/17
SIGNATURE OF ATTORNEY OF RECORD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| HILDA STREICHER, | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. _____** |
| | § | |
| FEDERATED MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| **Defendant** | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

*Comes Now*, Plaintiff, Hilda Streicher (hereinafter, "Plaintiff"), complaining of and about Defendant, Federated Mutual Insurance Company (hereinafter, "Defendant"), and for cause of action, respectfully shows as follows.

### Jurisdiction and Venue

1.    Plaintiff Hilda Streicher is an individual and a resident of El Paso County, Texas.

2.    Defendant Federated Mutual Insurance Company is a Minnesota insurance company doing business in the State of New Mexico; it can be served with process through its registered agent in New Mexico, the Office of Superintendent of Insurance, at the following address:

Office of Superintendent of Insurance
Attn: Service of Process
P.O. Box 1689
Santa Fe, NM 87504-1689

3.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in this judicial district because

Defendant issued the New Mexico insurance policy at issue in New Mexico, by and through its employee, Nicole Garland, who works and lives in Dona Ana County, New Mexico.

## Factual Allegations.

4.      On November 29, 2015, Plaintiff was in a serious two-vehicle automobile accident in El Paso County, Texas that was caused by an individual named Abraham Ruiz. The automobile Plaintiff was driving at the time, a 2014 Dodge Grand Caravan, bearing VIN number 2C4RDGCG0ER384131, was owned by Defendant's named insured, Sierra Blanca Motor Co., Inc. (hereinafter referred to as "Sierra Blanca"), which is an automobile dealership located in Ruidoso, New Mexico. Sierra Blanca permissively lent or rented said vehicle to Plaintiff for her use while Sierra Blanca was repairing Plaintiff's own vehicle.

5.      The facts of the November 29, 2015 auto accident are as follows: Plaintiff was lawfully and prudently driving the Dodge Grand Caravan south on Jose Bombach Drive, crossing the intersection of Vista del Sol Drive. The intersection is controlled by a traffic light, and Plaintiff had the green light. Abraham Ruiz was driving a 2006 Dodge Durango east on Vista del Sol, approaching said intersection and a red traffic light. Mr. Ruiz negligently entered the intersection without stopping (or even slowing) for the red light, and thereby interrupted Plaintiff's path of travel, causing the automobiles to collide. The accident was unavoidable for Plaintiff, and was caused entirely by the negligence of Abraham Ruiz. As the result of Mr. Ruiz's negligent acts and omissions, Plaintiff suffered severe injuries and damages.

6.      At the time of the subject automobile collision, Defendant and Sierra Blanca were insurer and insured, respectively, under a valid and binding contract for insurance, policy number 9029580, with effective dates of coverage between December 1, 2014 and December 1, 2015 (hereinafter referred to as the "Policy").

7.      Among other things, the Policy provided Sierra Blanca and the permissive users / renters of its covered vehicles (including, but not limited to Plaintiff and the Dodge Grand Caravan vehicle she was driving at the time of the subject collision) with liability insurance coverage.  As such, Plaintiff is/was an insured under the Policy.

8.      Additionally, the Policy provided Sierra Blanca and the permissive users / renters of its vehicles (including, but not limited to Plaintiff and the Dodge Grand Caravan) underinsured motorist ("UIM") insurance coverage.

9.      Additionally and/or in alternative to the allegations presented in the immediately preceding paragraph, the Policy was ambiguous about whether it provided UIM coverage to permissive users and/or renters of Sierra Blanca's vehicles.  The ambiguities include, *but are not limited to*, language on the Policy's declaration page indicating that UIM insurance coverage was "INCLUDED" in the policy, without any sort of limitation whatsoever.  The Policy failed to comply with the requisites of *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, 149 N.M. 162; *Romero v. Dairyland Ins. Co.*, 1990-NMSC-111, 111 N.M. 154; NMSA 1978 § 66-5-301; 13.12.3.9 NMAC; and other New Mexico law.

10.     Plaintiff obtained a settlement from the at-fault driver, Abraham Ruiz, and his insurer.

11.     Mr. Ruiz was underinsured, however, and the settlement did not compensate Plaintiff for all of her injuries and damages.

12.     Plaintiff also submitted a UIM claim to Defendant.  Defendant denied Plaintiff's UIM claim, however, and asserted that the Policy did / does not provide Plaintiff with UIM coverage.

13.     Plaintiff satisfied all conditions precedent under the Policy before accepting the settlement with Mr. Ruiz and his insurer, and before instituting this suit.

14.     In its denial of Plaintiff's UIM claim, Defendant asserted that it had previously obtained a valid rejection of UIM coverage from Sierra Blanca. Defendant provided Plaintiff with a true and correct copy of the UIM rejection to along with its claim denial letter. Subsequently, Defendant also provided Plaintiff with a true and correct, certified copy of the entire Policy.

15.     The purported UIM rejection is invalid, however, because it did not comply with the requisites of *Jordan*, 2010-NMSC-051; *Romero*, 1990-NMSC-111; NMSA 1978 § 66-5-301; 13.12.3.9 NMAC; and other New Mexico law. The failures of the purported rejection include, *but are not limited to*, the following:

(a) The rejection contains ambiguities and has missing information about the premiums that would be charged for UIM insurance at different levels of coverage, and when certain classes of people were or were not included in the UIM coverage.

(b) The rejection contains no reference to the Policy's number (in fact, the waiver does not reference any policy number at all).

(c) The rejection, which is dated November 22, 2013, predates the effective dates of the Policy by more than a year;

(d) The rejection was not made a part of the Policy by endorsement on the declarations sheet, by attachment of the rejection to the policy, or by any other means that made the rejection a part of the Policy so as to clearly and unambiguously call to the attention of the insured the fact that such coverage had been waived.

16.     It is irrelevant whether Defendant and Sierra Blanca purportedly intended not to include third-party beneficiaries in the Policy's UIM coverage. *See Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 28, 147 N.M. 678, 688; *Federated Serv. Ins. Co. v. Martinez*, 529 Fed. Appx. 954, 956 (10th Cir. 2013). The only proper inquiry is whether the purported UIM rejection conformed with the requirements of New Mexico law. *Id.*

## **Count 1: Breach of Contract.**

17.     Plaintiff incorporates the above allegations as though fully restated herein.

18.     Plaintiff sustained substantial physical injuries and damages as a direct and proximate result of the negligent operation of a motor vehicle by an underinsured driver, Abraham Ruiz.  Plaintiff is an insured under the insurance Policy between Defendant and Sierra Blanca, which was valid and effective at the time of the subject collision.  The Policy provides, or alternatively must be construed as providing, UIM insurance coverage to Plaintiff.  Plaintiff properly presented a UIM claim to Defendant.  Defendant refused to pay the claim and thus breached the Policy.

19.     As a direct and proximate result of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff incurred medical expenses for treatment, therapy, and medication for her injuries sustained in the subject accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

20.     As a direct and proximate result of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff incurred medical expenses for treatment, therapy, and medication for her injuries sustained in the subject accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

21.     As a direct and proximate result of the negligence of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff has endured pain and suffering, mental anguish,  loss of enjoyment of life, and other damages, which she will continue to endure in the future in amounts to be proven at trial.

22.     As a direct and proximate result of the negligence of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

23.     Under the terms of the Policy and under applicable law, Defendant is liable to Plaintiff for all damages that Plaintiff could have recovered from the underinsured driver, Abraham Ruiz.

### Count 2: Declaratory Judgment.

24.     Plaintiff incorporates the above allegations as though fully restated herein.

25.     An actual controversy exists between Plaintiff and Defendant concerning their respective rights, status, and obligations under the facts and circumstances of this case and the subject insurance Policy, thereby meeting the requisites of the Declaratory Judgment Act, §§ 44-6-1 to 44-6-15, NMSA 1978.

26.     As a direct and proximate result of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff incurred medical expenses for treatment, therapy, and medication for her injuries sustained in the subject accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

27.     As a direct and proximate result of the negligence of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff has endured pain and suffering, mental anguish, loss of enjoyment of life, and other damages, which she will continue to endure in the future in amounts to be proven at trial.

28.     As a direct and proximate result of the negligence of the negligence of the underinsured driver, Abraham Ruiz, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

29.     Under the terms of the Policy and under applicable law, Defendant is liable to Plaintiff for all damages that Plaintiff could have recovered from the underinsured driver, Abraham Ruiz.

### Plaintiff's Damages.

30.     Defendant is liable to Plaintiff for the following injuries and damages:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the automobile collision complained of herein.

(b) Reasonable and necessary medical care in the future.

(c) Pain, suffering, and mental anguish suffered in the past as a result of the subject collision.

(d) Pain, suffering, and mental anguish in the future.

(e) Loss of enjoyment of life as a result of the subject collision.

(f) Physical impairment in the past as a result of the subject collision.

(g) Physical impairment in the future.

(h) Physical disfigurement in the past as a result of the subject collision.

(i) Physical disfigurement in the future.

(j) Lost wages in the past.

(k) Loss of earning capacity in the future.

(l) Personal property damage sustained as a result of the subject collision.

### Plaintiff's Prayer for Relief.

*Wherefore, premises considered*, Plaintiff, Hilda Streicher, prays for judgment against Defendant, Federated Mutual Insurance Company, in an amount proven at trial to be reasonable compensation her for her losses, damages, and injuries, as well as pre- and post-judgment interest

7

at the highest permissible rate.  Plaintiff further prays for all other and further relief to which she is entitled at law and/or in equity.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. #1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

By: */s/ JL Anderson*
**CHARLES J. RUHMANN, IV**
**JOHN LOMAX ANDERSON**
*Attorneys for Plaintiff,*
*Hilda Streicher*